## CIRCUIT COURT OF FAIRFAX COUNTY

Trudi Leimbach and
Georganne Leimbach-Keane

v.

Sailors & Merchants
Bank and Trust

February 24, 1992

Case No. (Law) 109624

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the defendant's Demurrer to Count IV of the Amended Motion for Judgment. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the Demurrer is sustained, and the plaintiffs' cause of action on Count IV is dismissed.

The events giving rise to this litigation are given in the plaintiffs' Amended Motion for Judgment. In its capacity as a commercial bank, the defendant issued two certificates of deposit numbered 1003100 and 1003101 to Trudi Leimbach and George Leimbach, and issued one certificate of deposit numbered 1003099 to Georganne Leimbach-Keane and George Leimbach. George Leimbach is now deceased, and ownership of the certificates of deposit passed to the respective co-makers upon his death.

The plaintiffs Trudi Leimbach and Georganne Leimbach-Keane claim that Sailors & Merchants Bank cashed the certificates of deposit and paid out the funds from these accounts under forged and unauthorized signatures. The plaintiffs allege that Thomas Keane forged the signatures or participated in the forgery.

Count I of the Amended Motion for Judgment seeks damages in the amount of $60,532.61 as reimbursement for the funds held in certificate of deposit 1003101, which had been renegotiated and reis-

sued as certificate of deposit 1004059. Count II requests damages of $54,797.17 as repayment for the disbursement of funds in certificate of deposit 1003099, and Count III asks for reimbursement of $36,115.43, the funds held in certificate of deposit 1003100. Each count also requests damage awards for interest, costs, and attorney's fees.

Count IV of the Amended Motion for Judgment contends that Thomas Keane, as president of Colonial Carpets, Inc., used the proceeds of the certificates of deposit to meet the expenses of Colonial Carpets and thus to improve the financial position of the business. Trudi Leimbach claims that she contributed $100,000.00 of her personal capital to Colonial Carpets and that she would not have done so if the financial condition of the business had not been artificially supported by the proceeds of the certificates of deposit. In Count IV, she requests damages of $100,000.00 with interest, costs, and attorney's fees.

The plaintiffs filed their Amended Motion for Judgment in response to the Court's order of November 12, 1991, which sustained the defendant's Demurrer to Count IV of the Motion for Judgment and granted the plaintiffs leave to amend their claim. The Court has before it today the revised form of Count IV and the defendant's renewed Demurrer to this Count.

The plaintiffs seek in Count IV to recover damages consequential to the defendant's breach of contract. Trudi Leimbach claims that as a consequence of the Bank's breach of its contractual obligation to honor only authorized signatures in negotiating the certificates of deposit, she invested funds in a business whose financial weakness was masked only by the funds withdrawn fraudulently from the defendant Bank. She seeks compensation for the full amount of her investment.

The closeness of relationship between a defendant's breach of contract and a plaintiff's damages has been considered by the Virginia Supreme Court in *duPont v. Universal Moulded Products Corp.*, 191 Va. 525, 62 S.E.2d 233 (1950). The Court found that in this contract case as in the law of torts,[1] the foreseeability of the damage to the plaintiff is to be considered when allowing recovery

---

[1] *See Petition of Kinsman Transit Co.*, 338 F.2d 708, cert. denied 380 U.S. 944 (1965), and *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99 (1928).

for consequential damages. *Id.* at 573. In *duPont*, the Virginia Supreme Court set aside a jury verdict awarding damages to the plaintiff for lost profits because it did not consider the plaintiff's loss to be proximately related to the defendant's breach of contract. "The consequences of the wrongful act must have been reasonably foreseeable by the parties at the time of the execution of the contract." *Id.*

As applied to the case presently under consideration, this reasoning requires that the Court find at least two events foreseeable by the plaintiffs and defendant at the time the defendant issued the certificates of deposit. To allow plaintiff recovery from Sailors & Merchants Bank and Trust for her $100,000.00 investment in Colonial Carpets, the Court must find that the parties anticipated Thomas Keane's decision to invest the proceeds of the certificates of deposit in Colonial Carpets and that the parties anticipated Trudi Leimbach's resulting investment of her capital in reliance on the disguised financial position of the business.

The Court finds that neither of these events was foreseeable by the parties when the plaintiffs purchased the certificates of deposit. Damage to the plaintiffs in the amount held in the certificates of deposit is a foreseeable consequence of the Bank's payment of the funds without proper authorization; however, financial loss for investment in a business unrelated to the contract between the parties and only tangentially related to the defendant's conduct is clearly unforeseeable. The Court therefore sustains the defendant's Demurrer and dismisses Count IV of the Amended Motion for Judgment.

Although the plaintiff's allegations given in Count IV of the Amended Motion for Judgment do not differ in substance from those given in the Motion for Judgment, and the defendant therefore argued the Demurrer twice, the Court declines to award attorney's fees on this matter.